# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| | 4:25-cr-5 |
| v. | |
| MAURICE WILLIAMS, | |
| Defendant. | |

## ORDER

The Magistrate Judge issued a Report and Recommendation for the Court to deny Defendant's Motion to Suppress. Dkt. No. 61. Defendant Maurice Williams timely filed Objections to the Magistrate Judge's Report and Recommendation. Dkt. No. 64. After an independent and de novo review, I **OVERRULE** Defendant's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of this Court. The Court **DENIES** Defendant's Motion to Suppress.

## BACKGROUND

Relevant to the Motion to Suppress, the grand jury returned several charges against Defendant related to a traffic stop occurring on September 28, 2024. Dkt. Nos. 1, 52. The Government alleges that, on that date, Defendant "did knowingly possess a machinegun" in the form of a handgun "modified with an attached machinegun conversion device, commonly known as a Glock switch,"

in violation of 18 U.S.C. § 922(o). Dkt. No. 52 at 7. The Government also alleges that Defendant "did knowingly and intentionally possess with intent to distribute" marijuana and oxycodone, in violation of 21 U.S.C. § 841(a)(1). The Government further alleges that Defendant "did knowingly possess a firearm . . . in furtherance of a drug trafficking crime" in violation of 18 U.S.C. § 924(c).

Defendant filed a Motion to Suppress, arguing that all evidence seized as a result of the September 28, 2024 traffic stop should be suppressed. Dkt. No. 37. Defendant argues that officers did not have reasonable suspicion that Defendant was armed and dangerous before they frisked him. Dkt. No. 37-1 at 4. Defendant also argues that officers illegally searched his backpack because they did not have probable cause to arrest him. Id. at 6. Defendant asserts that he was confronted with evidence obtained during the search during an interview with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Defendant argues any statements he made during that interview should be suppressed as "fruits of the poisonous tree." Id. at 8.

The Magistrate Judge recommends the Court deny Defendant's Motion. The Magistrate Judge concludes that officers conducted a lawful Terry frisk because they had reasonable suspicion that Defendant was armed and dangerous. Dkt. No. 61 at 6. The Magistrate Judge concludes that the search of Defendant's backpack

2

was incident to a lawful arrest and subject to an appropriate vehicular search. Id. at 9. Because the evidence was lawfully seized, the Magistrate Judge concludes that Defendant's statements made to ATF agents during the interview should not be suppressed. Id. at 12.

Defendant asserts three objections to the Magistrate Judge's Report and Recommendation. Dkt. No. 64. First, Defendant argues that the Magistrate Judge misconstrues his arguments surrounding the lawfulness of the Terry frisk. Id. at 3-7. Second, Defendant argues that, because the Magistrate Judge errs in concluding the frisk was lawful, the Magistrate Judge also errs in concluding that the subsequent search of Defendant's backpack was lawful. Id. at 7-8. Finally, Defendant argues that the Magistrate Judge errs in concluding that officers had probable cause to search the vehicle in question. Id. at 8-9.

**DISCUSSION**

## I. Officers Had Reasonable Suspicion to Believe Defendant Was Armed and Dangerous

Defendant argues that the Magistrate Judge errs in concluding that officers had reasonable suspicion to believe that he was armed and dangerous. Id. at 3. Defendant appears to concede that "it may be reasonable to conclude that these facts can result in a conclusion that a person is armed." Id. at 4. However, Defendant argues that the Magistrate Judge errs by concluding that officers had reasonable suspicion to suspect that he was dangerous. Id.

3

The Magistrate Judge points to several relevant facts that support the conclusion that the officers who conducted the stop had reasonable suspicion to believe Defendant was armed and dangerous. Dkt. No. 61 at 7-8. The Magistrate Judge notes that officers observed Defendant with a purple liquid that they believed was codeine mixed with soda, which would indicate illegal activity. Officers detected the odor of marijuana emanating from the vehicle. Officers witnessed Defendant depart a high-crime area, and the stop occurred at night, after 11:00 p.m. Officers witnessed Defendant engage in hand-to-hand drug transactions before the stop. Defendant was nervous and evasive during the stop. Officers observed Defendant moving a bulge down his pants during the traffic stop. The Magistrate Judge concludes that these facts support the officers' reasonable suspicion that Defendant was armed and dangerous at the time of the stop.

Defendant contests some of the Magistrate Judge's conclusions. Defendant argues "there is no indication that it was reasonable to believe that Defendant did not have a prescription for codeine." Dkt. No. 64 at 4. Defendant argues that he "left the high crime area in an Uber, and there is no testimony that the traffic stop took place in a high crime area." Dkt. No. 64 at 4. Defendant argues that the Magistrate Judge incorrectly relied on cases about Terry stops, not Terry frisks. Dkt. No. 64 at 4. Defendant argues that nervous behavior "does not automatically

4

provide officers with reasonable suspicion." Dkt. No. 64 at 6. Defendant argues that in an open carry state like Georgia the presence of a firearm alone does not justify a Terry frisk. Dkt. No. 64 at 6-7.

Defendant's arguments are unconvincing. Reasonable suspicion is not an exacting standard, as the Magistrate Judge explains and as Defendant admits. Dkt. No. 64 at 4-5. This inquiry "'allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person.'" United States v. James, No. 21-13689, 2022 WL 16544323, at *4 (11th Cir. Oct. 31, 2022) (quoting United States v. Arvizu, 534 U.S. 266, 273 (2002)). The officer's suspicion must merely "'rise beyond an inchoate and unparticularized suspicion or hunch.'" Id. (quoting Terry v. Ohio, 392 U.S. 1, 27 (1968)).

Defendant does not contest that some facts identified by the Magistrate Judge can support reasonable suspicion but argues that those facts alone do not support a finding of reasonable suspicion. For example, Defendant argues that his nervousness and the fact that he was armed are not enough to create a reasonable suspicion. Dkt. No. 64 at 6-7. But Defendant's nervousness is not the only basis for the officers' suspicion that Defendant was armed and dangerous. Rather, the Court must consider "'the totality of the circumstances, and reasonable suspicion may thus exist even if

5

each fact alone is susceptible of innocent explanation.'" <u>United States v. Bishop</u>, 940 F.3d 1242, 1249-50 (11th Cir. 2019) (quoting <u>United States v. Bautista-Silva</u>, 567 F.3d 1266, 1272 (11th Cir. 2009)). The totality of the circumstances presented in the Magistrate Judge's proposed findings of fact sufficiently justify officers' reasonable suspicion that Defendant was both armed and dangerous.

Defendant also challenges how the Magistrate Judge assesses some of the individual facts, but those challenges are not persuasive. The Magistrate Judge concludes that officers' observation of a purple liquid (likely codeine mixed with soda) in a clear bottle contributed to reasonable suspicion, noting that codeine is a controlled substance. Dkt. No. 61 at 8. Defendant argues it was not reasonable for officers to believe Defendant did not have a prescription for codeine. Dkt. No. 64 at 4. But "reasonable suspicion depends on probabilities, not hard certainties." <u>United States v. Cortez</u>, 449 U.S. 411, 418 (1981). Codeine is a controlled substance. It would be reasonable for officers to suspect Defendant was engaged in illegal behavior when they observed what appeared to be a controlled substance mixed with soda in a passenger vehicle. This fact clearly contributes to the officers' reasonable suspicion.

Defendant also argues that "there is no testimony that the traffic stop took place in a high crime area." Dkt. No. 64 at 4.

6

The Magistrate Judge noted that the testifying officer stated that he observed Defendant leave a high-crime area before the stop, not that the stop occurred in a high-crime area. Defendant does not dispute that officers observed him in a high-crime area just before he got in the vehicle. It was reasonable for officers to infer that, because Defendant was leaving a high-crime area, the same concerns inherent to traffic stops in a high-crime area would remain present. This is a relevant contextual fact that can contribute to reasonable suspicion.

Defendant criticizes the Magistrate Judge's reliance on officers' observations of Plaintiff engaging in hand-to-hand drug transactions prior to the traffic stop. Defendant argues this fact should not contribute to reasonable suspicion. However, courts routinely consider an officer's observation of drug transactions as a relevant contextual factor in the reasonable suspicion analysis. See United States v. Packer, 375 F. App'x 976, 980 (11th Cir. 2010) (noting that an officer observed the defendant engage in what appeared to be a drug transaction and finding that the officer had reasonable suspicion to believe the defendant was armed and dangerous). Defendant's participation in potential drug transactions contributes to reasonable suspicion.

Defendant's argument that the Magistrate Judge erroneously relied on cases involving Terry stops is similarly unconvincing. First, Defendant does not allege that the Magistrate Judge relied

7

solely on "stop" cases rather than "frisk" cases. In addition, both actions—a "stop" and a "frisk"—need only be supported by reasonable suspicion. A Terry stop is justified by "a reasonable, articulable suspicion that criminal activity is afoot." Moore v. Pederson, 806 F.3d 1036, 1044 (11th Cir. 2015) (citation omitted). An officer can then frisk the stopped individual if the officer "has a reasonable suspicion that the individual may be armed and dangerous." Bishop, 940 F.3d at 1248. Both inquiries require reasonable suspicion, and both inquiries are based on the totality of the circumstances. See United States v. Hunter, 291 F.3d 1302, 1306 (11th Cir. 2002) ("The totality of the circumstances must support a finding of 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant' the stop and frisk.") (quoting Terry v. Ohio, 392 U.S. 1, 27 (1968)). Therefore, the circumstances supporting reasonable suspicion for a Terry stop may also support a Terry frisk if those circumstances indicate the individual is, potentially, armed and dangerous.

Ultimately, the Magistrate Judge cites to numerous facts in the record that support officers' reasonable suspicion that Defendant was both armed and dangerous. These facts are all relevant considerations for assessing reasonable suspicion in this Circuit. Therefore, the Magistrate Judge correctly concludes that officers conducted a constitutional Terry frisk.

8

## II. Officers Conducted a Lawful Search Incident to Arrest

Defendant argues that the Magistrate Judge errs by concluding that officers' search of his backpack was constitutional. Defendant's "only argument" on this topic is that "there was no lawful arrest because the Terry frisk was unlawful." Dkt. No. 64 at 8. However, Defendant also states that officers did not have probable cause to search his backpack because they did not have probable cause to arrest him for possessing a firearm. Id.

As explained above, the Terry frisk that the officers conducted was constitutional. And as the Magistrate Judge explains, officers did not arrest Defendant for merely possessing a firearm. They arrested him for possessing an unlawful machinegun. Dkt. No. 61 at 9-10. Defendant's arguments to the contrary are unconvincing. I concur with the Magistrate Judge's conclusion. The officers conducted a lawful search incident to arrest.

## III. Marijuana Odor Provides Probable Cause to Search a Vehicle

The Magistrate Judge concludes that officers had probable cause to search the vehicle in question because they credibly testified that they smelled marijuana emanating from the vehicle. The Magistrate Judge cites United States v. Dixon, 901 F.3d 1322 (11th Cir. 2018). Dkt. No. 61 at 10. Defendant argues that the Magistrate Judge errs because any marijuana odor could have come from Defendant smoking marijuana before he entered the vehicle.

9

Dkt. No. 64 at 8-9. Defendant argues that the Magistrate Judge's citation to Dixon is misplaced. Id.

Dixon clearly stands for the proposition that an officer's credible testimony that he smelled marijuana odor can contribute to probable cause for a warrantless search. 901 F.3d at 1339. The Eleventh Circuit Court of Appeals has repeatedly come to the same conclusion. See United States v. Tobin, 923 F.2d 1506, 1510 (11th Cir. 1991) (odor of marijuana emanating from a house provides probable cause); United States v. Reed, No. 21-10257, 2021 WL 5629980, at *2 (11th Cir. Dec. 1, 2021) ("When an officer detects the odor of marijuana emanating from a vehicle, probable cause exists to support a warrantless search of a vehicle.") (citing United States v. Johns, 469 U.S. 478, 482 (1985)).

Defendant has not pointed to any authority that would suggest there was not support probable cause to support a vehicle search in these circumstances. The Court concurs with the Magistrate Judge's conclusion that officers conducted a constitutional search of the vehicle and backpack.

**IV. Defendant's Custodial Statements to ATF Agents**

Defendant argues that his statements made to ATF agents in a custodial interview should be suppressed as fruits of the earlier unlawful searches. Dkt. No. 64 at 9. Defendant argues the Magistrate Judge errs in concluding otherwise. Id. Because I concur with the Magistrate Judge's conclusion that the earlier

10

searches were lawful, Defendant's argument fails. I, therefore, also concur with the Magistrate Judge's conclusion on suppression of the statements made during Defendant's interview. Defendant presents no grounds to suppress his statements made to ATF agents.

### CONCLUSION

After an independent and de novo review, I **OVERRULE** Defendant's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation, dkt. no. 61, as supplemented herein, as the opinion of this Court. The Court **DENIES** Defendant's Motion to Suppress. Dkt. No. 37.

**SO ORDERED**, this 10 day of October, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA